# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

PURE PARLAY, LLC,

        Plaintiff,

vs.

STADIUM TECHNOLOGY GROUP, INC., a Nevada Corporation, and GVC HOLDINGS, PLC, a company incorporated in the Isle of Man,

        Defendants.

Case No.: 2:19-cv-00834-GMN-BNW

**ORDER**

Pending before the Court is the Motion to Dismiss, (ECF No. 12), filed by Defendants Stadium Technology Group, Inc. and GVC Holdings, PLC (collectively, "Defendants"). Plaintiff Pure Parlay, LLC ("Plaintiff"), filed a Response, (ECF No. 20), and Defendants filed a Reply, (ECF No. 25). For the reasons discussed below, the Court **GRANTS** Defendants' Motion to Dismiss.

## I. BACKGROUND

This case arises from Defendants' alleged infringement of Plaintiff's patent, U.S. Patent No. 9,773,382 (the "'382 Patent"). The '382 Patent—consisting of one independent claim and seventeen dependent claims—discloses, "a system and method for effecting a multiple-arm wager incorporating a plurality of events." (Am. Compl. ¶ 10, ECF No. 5); (*see also* '382 Patent at 17–20, Ex. 1 to Am. Compl., ECF No. 5-1). Plaintiff alleges that Defendants make, use, sell, or offer to sell software, embodied in a mobile device application, that infringes one or more of the claims of the '382 Patent. (Am. Compl. ¶¶ 11, 13–14, 16–17).

Defendants filed the Motion to Dismiss, arguing that the Court should dismiss the Amended Complaint because: (1) Plaintiff did not properly serve Defendant GVC Holdings, PLC under the Hague Convention; and (2) the Amended Complaint fails to state a claim upon

which relief can be granted. (*See* Mot. Dismiss ("MTD"), ECF No. 12). Plaintiff later properly served GVC Holdings, PLC, mooting Defendants' improper service contention. (*See* Min. Order, ECF No. 23); (Reply 2:5–15, ECF No. 25). The Court's below discussion considers Defendants' Motion to Dismiss the Amended Complaint for failure to state a claim.

## II.  LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. In assessing the sufficiency of a complaint, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The court must then consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

## III.  DISCUSSION

Plaintiff alleges that Defendants "have infringed and continue to infringe at least claim 1 of the '382 Patent . . . by making, offering for sale, and selling its User/Bettor Interface that is covered by the claims of the '382 Patent." (Am. Compl. ¶ 16). The Court finds that the Amended Complaint fails to state a plausible claim upon which relief can be granted.

To state a claim for patent infringement, the complaint needs to: "(1) allege ownership of the asserted patent; (2) name each individual defendant; (3) cite the patent that is allegedly infringed; (4) describe the means by which the defendants allegedly infringe; and (5) point to

the specific section of the patent law invoked." *CLM Analogs, LLC v. James R. Glidewell Dental Ceramics, Inc.*, No. 8:18-cv-0311-JLS-SS, 2018 U.S. Dist. LEXIS 225319 at *6 (C.D. Cal. Jan. 19, 2018).  At the motion to dismiss stage, the challenge for the court is typically evaluating whether the complaint plausibly alleges the means by which defendant infringed. *See, e.g.*, *Disc Disease Sols. Inc. v. VGH Sols. Inc.*, 888 F.3d 1256 (Fed. Cir. 2018).  "[T]his plausibility standard is met when 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 1260 (quoting *Iqbal*, 556 U.S. at 678).  The necessary factual allegations a plaintiff must plead may qualitatively vary with the complexity of the patent in suit. *See id.*

For example, in *Disc Disease Solutions Inc. v. VGH Solutions, Inc.* ("*Disc Disease*"), the Federal Circuit found that the plaintiff's complaint alleged a plausible claim, despite conclusorily asserting defendants infringed plaintiff's patents. *Id.* at 1257–58.  The patents in suit disclosed a back brace and related technology. *Id.* at 1257–58.  The complaint identified defendants' infringing products, incorporated by reference plaintiff's patents and photographs of the allegedly infringing products, and asserted that the accused products met "each and every element of at least one claim of the [patents], either literally or equivalently." *Id.* at 1258.  Defendants argued, and the District Court agreed, that the complaint failed to state a claim because it "failed to explain how Defendants' products infringe on any of Plaintiff's claims because it merely alleges that certain of Defendants' products meet each and every element of at least one claim of Plaintiff's patents." *Id.* at 1260 (internal quotations omitted).  The Federal Circuit reversed because "[t]his case involves a simple technology;" the patents "consist of only four independent claims;" and "identif[ying] the three accused products—by name and by attaching photos of the product packaging as exhibits," combined with the infringement allegation, stated a plausible claim. *Id.*

Plaintiff argues that under *Disc Disease*, the Amended Complaint states a plausible claim because it contains a similar allegation of infringement, and it specifically identifies Defendants' mobile application as the infringing product. (Resp. 2:9–3:6, ECF No. 20). It argues that "it is not necessary that Plaintiff provides basis from which to infer that Defendants' products embody each element of any of the claims of the '382 Patent or factual basis for alleging that Defendants' products embody various components of any of the claims of the '382 Patent." (*Id.* at 3:19–21).

Plaintiff is mistaken because *Disc Disease* does not abrogate the requirement that a complaint alleging patent infringement must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Disc Disease Sols. Inc.*, 888 F.3d at 1260 (internal quotations omitted) (quoting *Iqbal*, 556 U.S. at 678). The complaint must allege that each claim limitation of at least one claim has been infringed because "the failure to practice even a single element is all that separates innovation from infringement . . . ." *e.Digital Corp. v. iBaby Labs, Inc.*, No. 15-cv-5790-JST, 2016 U.S. Dist. LEXIS 111689 at *11 (N.D. Cal. 2016) (internal quotations omitted) (quoting *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016)). For an infringement allegation to cross the line from conceivable to plausible, the complaint must provide factual content indicating that the accused product infringes each limitation of at least one claim of the patent in suit. *See North Star Innovations v. Kingston Tech. Co.*, No. 17-01833-DOC, 2018 U.S. Dist. LEXIS 106018 at *6 (C.D. Cal. June 19, 2018) (explaining that a Complaint must indicate "what the accused product contains to meet the[] claim limitations . . . and help[] the Court understand why it is plausible" that the claim has been infringed); *see also LF Centennial LTD v. Inovex Furnishings Corp*, No. 17-05824, 2019 U.S. Dist. LEIXIS 121121 (C.D. Cal. June 12, 2019) ("From the Complaint it is impossible to measure the plausibility of Plaintiffs' [infringement allegations]. The Complaint does not include any images, model numbers, or

other documents that could be reasonably relied upon to compare the accused products to the Asserted Patents.").

Courts since *Disc Disease* have generally found that complaints alleging infringement of patents claiming "simple technologies" state plausible claims if they include the patent, photographs or diagrams of the accused product, and a generalized allegation of infringement. *See Gamevice, Inc. v. Nintendo Co.*, No. 18-cv-01942-RS, 2018 U.S. Dist. LEXIS 221777 at *8–*12 (C.D. Cal. August 6, 2018) (collecting cases). When the disputed technology is simple, these minimalist complaints are sufficient if they allow the Court to assess the plausibility of infringement by comparing the accused product with the claims in a plaintiff's patent. *See id.* However, *Disc Disease* "doesn't set a floor for the level of detail required to plead direct patent infringement. It's simply one example of where pleadings were sufficient." *Horowitz v. Yishun Chen*, No. 17-00432, 2018 U.S. Dist. LEXIS 227135 at *9 (C.D. Cal. May 14, 2018).

Plaintiff alleges that Defendants' software infringes at least Claim 1 of the '382 Patent. (Am. Compl. ¶ 16). Claim 1 discloses a twelve-step computer-implemented method for placing a multiple-arm event wager. ('382 Patent at 17–18, Ex. 1 to Am. Compl., ECF No. 5-1). Plaintiff presents only one factual allegation detailing how Defendants' software operates, which explains that the software is:

> a mobile device application enabling bettors, via an application downloadable to a mobile device and manipulated via the mobile device display, to "buy" points on individual teams of a multiple team wager (e.g., a parlay, teaser, etc.), and allowing bettors to "move" (i.e., shade in either a positive or negative direction) the line, at predetermined incremental point values, with the odds and respective payouts moving accordingly, and concurrently displayed for viewing by the bettor. (Am. Compl. ¶¶ 11).

Critically, the Complaint does not contain factual content indicating how Defendants' software practices each element of the patented method. Unlike in *Disc Disease*, Plaintiff has not provided the Court with any exhibits depicting the accused product. Thus, even if the '382

patent were sufficiently simple for the Court to employ the analysis endorsed in *Disc Disease*, the Court does not have the materials necessary to compare the accused product with the '382 Patent. Absent factual content indicating that Defendants' software allows bettors to place multiple-arm event wagers by practicing each claim limitation of the method disclosed in Claim 1, Plaintiff does not state a plausible claim. Therefore, Plaintiff's Amended Complaint is dismissed without prejudice.

Federal Rule of Civil Procedure 15 permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[I]n dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

The Court concludes that Plaintiff may be able to plead a plausible claim for infringement. Plaintiff therefore may file a second amended complaint within twenty-one days from the date of this Order. Failure to timely file an amended complaint will result in dismissal with prejudice.

//
//
//
//
//
//
//
//
//

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 12), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Amended Complaint, (ECF No. 5), is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff shall have twenty-one (21) days from entry of this Order to file a second amended complaint.

**DATED** this 5 day of February, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court