**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PURE PARLAY, LLC, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:19-cv-00834-GMN-BNW |
| vs. ) | |
| ) | **ORDER** |
| STADIUM TECHNOLOGY GROUP, INC; ) | |
| GVC HOLDINGS, PLC, ) | |
| ) | |
| Defendants. ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 66), filed by Defendants GVC Holdings, PLC and Stadium Technology Group, Inc. ("Defendants"). Plaintiff Pure Parlay, LLC ("Plaintiff") filed a Response, (ECF No. 67), and Defendants filed a Reply, (ECF No. 68).

For the reasons discussed below, the Court **DENIES** the Motion.

This case arises from Defendants' alleged infringement of U.S. Patent No. 9,773,382, which discloses and claims a "computer-implemented system and method for making multiple-game sporting event wagers." (the "'382 Patent"). (*See generally* Third Am. Compl. ("TAC"), ECF No. 65); (*see also* '382 Patent, Ex. 1 to TAC, ECF No. 65-1).  The Court previously described the patented invention and Plaintiff's infringement allegations in the Order granting Defendants' prior Motion to Dismiss without prejudice. (*See* Order, ECF No. 64).

In its Order, the Court explained that Plaintiff adequately alleged the Accused Product practices all but one element of Claim One of the '382 Patent. (*See id.*).  However, as the '382 Patent discloses a method that requires a third-party to choose "a quantity of points to shade the initial lines," Plaintiff needed to allege facts supporting "divided infringement" to plausibly allege the Accused Product practices the claim limitation. (*Id.* 10:15–11:5).  The Court explained, "[w]hile sufficient allegations [to plausibly allege divided infringement] are not

difficult to imagine, the Court must rely on the facts alleged rather than those that could have been." (Order, 11:21–22).  Accordingly, as the remainder of the allegations in the TAC remain unchanged, this Order need only address the plausibility of Plaintiff's new divided infringement allegations.

Generally, to allege direct infringement of a method patent, a plaintiff must allege that the defendant practices each step of the claimed method. *See* 35 U.S.C. § 271(a); *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1379–81 (Fed. Cir. 2007) (overruled in part on other grounds).  If the patent requires a third-party to practice a step of the claimed method, then the defendant is liable only if the third-party's conduct is attributable to the defendant. *Id.*  A third-party's conduct may be attributed to the defendant if: (1) the third-party acts as an agent of the defendant; (2) the defendant "conditions participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and establishes the manner or timing of that performance;" or (3) the defendant and third-party act as a "joint enterprise." *Akamai Techs. Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1023 (Fed. Cir. 2015); *see also Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*, 845 F.3d 1357, (Fed. Cir. 2017).  Merely enabling a third-party to practice a step or steps of the patented method, without more, is insufficient to establish a defendant's infringement. *Id.*

Here, only the second theory of divided infringement—conditioning participation or receipt of a benefit while directing the manner of performance—is at issue.  Based on the facts alleged in the Fourth Amended Complaint, the Accused Product plainly conditions the receipt of a benefit on practicing a step of the method and establishes the manner of that performance.  End users allegedly use the Accused Product to place multiple-arm event wagers on sporting events. (TAC ¶ 23).  The ability to make such wagers provides a benefit: the opportunity to win cash prizes. (*Id.*).  In order to place a wager, the Accused Product requires end users to "choos[e] . . a quantity of points to shade the initial lines" of each arm of the wager by using

the touchscreen on the bettor's device to select the point shade for each arm of the wager from a finite number of choices the Accused Product provides. (*Id.*); (Claim Chart at 3, Ex. 3 to TAC, ECF No. 65-3).  By providing end users a finite number of available point shade options, Defendants also establish the manner of the performance: selecting one of those options. (*Id.*).

Defendants argue that Plaintiff's allegations do not show that the Accused Product requires third-parties use the device in an allegedly infringing manner. (MTD 7:3–8:16). Defendants explain that the Complaint conditionally alleges that the Accused Product "enables" third-parties to practice a step of the claimed method. (*Id.*).  Relying upon *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1351–52 (Fed. Cir. 2018), Defendants argue that only allegations that third-parties unconditionally must practice a step of the claimed method plausibly show divided infringement. (*Id.*).  However, as Defendants quote in their brief, *Nalco Co.* holds that a plaintiff must allege, "the relevant 'activity' or 'benefit' that is being conditioned upon the performance of one or more claim steps." (*Id.*).  *Nalco* further explains, "we look for 'evidence that a third party hoping to obtain access to certain benefits can only do so if it performs certain steps identified by the defendant, and does so under the terms prescribed by the defendant.'" 883 F.3d at 1352 (quoting *Travel Sentry, Inc. v. Tropp.*, 877 F.3d 1370, 1380 (Fed. Cir. 2017)). Here, Plaintiff identifies both the benefit and terms prescribed by Defendants: third-parties may win cash prizes from multiple-arm event wagers if third-parties select "a quantity of points to shade the initial lines" from choices Defendants' provide on third-parties' devices.  The Court finds Defendants' reliance on the Complaint's conditional language unpersuasive because it ignores that the conditional merely connotes consumers have a choice whether to use the Accused Product at all.  Of course, the Accused Product "enables" bettors to place multiple-arm event wagers; consumers have a choice about whether they will gamble on multiple sporting events in one wager.  However, if a consumer decides to use the Accused Product to

place a multiple-arm event wager, the Complaint indicates that they must do so through the manner and means the Accused product enables.

Finally, Defendants argue that Plaintiff's Complaint fails to state a claim because the Accused Product is capable of substantial non-infringing uses. (MTD 9:25–10:28). Plaintiff's Complaint contains no allegation regarding potential non-infringing uses of the Accused Product (for example, its ability to place single-event wagers). Defendants have not provided judicially noticeable evidence of any potential non-infringing uses of the Accused Product that would convert the Motion to Dismiss into a Motion for Summary Judgment. Accordingly, in evaluating Defendants' affirmative defense, the Court must look only to the allegations in the Complaint. *See Asarco, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (explaining that the court should not grant a motion to dismiss on the basis of an affirmative defense if "from the allegations of the complaint as well as any judicially noticeable materials, an asserted defense raises disputed issues of fact."). Here, as the allegations do not clearly establish the applicability of the affirmative defense, the Court reaches no opinion and instead leaves resolution of the issue for summary judgment.[1]

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss, (ECF No. 66), is **DENIED**.

Dated this 13 day of September, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[1] As the Court finds that Plaintiff has raised a plausible claim of divided infringement under 35 U.S.C. § 271(a), the Court need not reach the merits of Defendants' arguments regarding induced infringement because the Complaint asserts only one claim to patent infringement, rather than subdividing claims to direct and indirect infringement. (*See* TAC, ECF No. 65).